IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CRYSTAL KAY NASH,**

**Petitioner,**

    vs.                                                    Case No. 16-cv-00313-DRH

**MAGGIE BURKE,**

**Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Crystal Nash is currently incarcerated in the Logan Correctional Center in Lincoln, Illinois, which is located within the Southern District of Illinois. On March 21, 2016, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of Illinois. On May 22, 2016, the Central District transferred the petition to this District pursuant to 28 U.S.C. § 2241(d).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

## Background

On December 15, 2009, petitioner was convicted of one count of drug-induced homicide and one count of unlawful delivery of a controlled substance in the Edwards County Courthouse, Second Judicial Circuit. She was sentenced to 20 years in prison. She raises four grounds for habeas relief: (1) the State did not ensure that she was reviewed by a mental health care professional; (2) the State destroyed (presumably) exculpable evidence; (3) ineffective assistance of counsel; and (4) the State violated her right to counsel when they questioned her on three different occasions when her attorney was not present. She had sought post-conviction relief with the state trial court as to grounds (1) and (3), but she was unsuccessful. She did not seek review by the Illinois Court of Appeals or the Supreme Court of Illinois.

## Discussion

Absent exceptional circumstances, a petitioner may not file a federal habeas petition until she has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel,* 526 U.S. 838, 839 (1999). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before proceeding with a review of a petition for habeas corpus on its merits

> "A district court must make two inquiries – whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is "no," the petition is barred

either for failure to exhaust state remedies or for a procedural default."

*Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). This requirement stems from "the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems." *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000).

Petitioner only sought review of her trial court decision as to two of the four constitutional grounds presented in her petition, and of those two she never sought relief beyond the trial-court-level. Before this Court can even consider her federal petition, petitioner must exhaust all means of available relief under state law, which includes review of her claims through the entire Illinois appellate process, including the state's highest court. Based on the foregoing discuss, the habeas petition (Doc. 1) shall be dismissed.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Where a petition is dismissed on procedural grounds without reaching the

underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484-85.

Here, no reasonable jurist would find it debatable whether this Court's ruling on failure to exhaust state judicial remedies was correct. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Petitioner's petition for writ of habeas corpus under 28 US.C. § 2254 is **DISMISSED without prejudice**. The Clerk shall enter judgment in favor of respondent.

**IT IS SO ORDERED**.

Signed this 13th day of April, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.04.13 05:34:23 -05'00'

**United States District Judge**